No. 19,455.

THE STATE OF KANSAS, ex rel. JOHN S. DAWSON, as Attorney-general, etc., *Plaintiff,* v. THE KANSAS FLOUR MILLS COMPANY et al., *Defendants.*

### SYLLABUS BY THE COURT.

1. MANDAMUS—*To Require Lowering of Milldam—Proof Required.* A writ of mandamus will issue at the suit of the state to compel a corporation which is the owner of a dam to lower it to the height authorized by law; but before such a writ will issue, it must be shown by a clear preponderance of the evidence that the dam is higher than is authorized.

2. SAME—*Right to Maintain Dam—Transferred to Corporation.* A dam built by an individual under a special act of the legislature does not become illegal by reason of being transferred to a corporation.

Original proceeding in mandamus. Opinion filed May 12, 1917. Writ allowed in part and denied in part.

*S. M. Brewster,* attorney-general, and *F. P. Lindsay,* assistant attorney-general, for the plaintiff; *Fred S. Jackson,* of Topeka, of counsel.

*T. A. Noftzger,* of Wichita, *G. W. Hurd, Arthur Hurd, Bruce C. Hurd,* all of Abilene, *Paul E. Walker,* and *Luther Burns,* both of Topeka, for the defendants.

The opinion of the court was delivered by

MARSHALL, J.: This is an original proceeding in mandamus. In its petition the plaintiff asks that the defendants be compelled to remove the dam built by C. Hoffman across the Smoky Hill river at Enterprise, Kan. In its briefs the plaintiff asks that the dam be lowered two and one-half feet.

By chapter 46 of the Laws of 1869 Hoffman was authorized to build a dam across the Smoky Hill river. Section 1 of that act is as follows:

"That Christian Hoffman of Dickinson county, is hereby authorized to construct and maintain a mill-dam across the Smoky Hill River, at his mills in said county at or near the south line of section numbered twenty in township numbered thirteen in range three east, of the sixth principal meridian. *Provided,* said dam shall not be made more than seven feet

high, and shall not overflow the farms or lands of any other person outside of the natural banks of said river, nor interfere with any water power heretofore improved, or any ford or public highway heretofore located; and *provided, further*, that said dam shall not be continued or maintained any longer than while the same is used for running a flouring mill or other machinery."

By chapter 64 of the Laws of 1870 Hoffman was authorized to raise the dam from seven to nine feet. Section 1 of that act is as follows:

"That Christian Hoffman, of Dickinson county, is hereby authorized to raise the mill dam heretofore constructed by him across the Smoky Hill river, under and by authority of the provisions of section one, chapter forty-six, of the laws of 1869, from seven feet to a point not exceeding nine feet in height: *Provided, however*, That this act shall not be held or construed so as to relieve said Hoffman from being liable for any damage caused by the constructing or raising of said dam."

The material allegations of the petition are that the defendants have constructed and maintained a dam across the Smoky Hill river at Enterprise, Kan., 15.79 feet high in the center and 19.79 feet high on the sides; that in the construction of the dam the defendants have narrowed the channel of the river from 200 to 100 feet; that the dam as now constructed has caused the water to overflow for many miles above the dam; that these floods have damaged, destroyed, and obstructed public roads, bridges, and culverts; that the dam constitutes a nuisance to the state of Kansas; that the franchise granted to C. Hoffman has been by him transferred to one of the defendant corporations; and that the dam is now maintained in violation of law and at variance with, and contrary to, any franchise or corporate rights of either of the defendants. The petition also alleges that the Smoky Hill river is a navigable stream and that the dam is an obstruction to commerce.

1. The principal question for determination is the height of the dam. Charles W. Reeder was appointed commissioner to take the testimony and to make findings of fact and conclusions of law. This he did. His findings of fact and conclusions of law are against the plaintiff; but the commissioner did not find, and his report does not show, the height of the dam.

The dam, when first constructed, was on the highest part of a ledge of sand rock running across the river. From the

dam the rock sloped downward both up and down the stream. From the south bank of the river, the rock extended north practically level for about fifty feet, where it dropped about eight feet, and extended thence north from twenty-five to fifty feet. It then rose again to a point about five feet high, and from there sloped gradually downward to the north bank of the river. The evidence does not clearly disclose the fall in that part of the rock extending downstream from the dam. The dam has been repaired or reconstructed twice since it was first built. These repairs or reconstructions have been below the face of the original dam and on a lower level of the rock extending across the river. The first dam was built of rock, the second of cribbing filled with rock, and the third of concrete. At low water the crest of the dam in the center is about sixteen and one-half feet above the water immediately below the rock on which the dam is built. This level of sixteen and one-half feet is maintained for one hundred and forty-seven feet. North and south of this one hundred and forty-seven feet there are wing walls rising three or four feet higher and extending to the banks of the river. On the one hundred and forty-seven feet a flush board is used, by which the height of the water above the dam is increased. The top of the first dam was seven feet above the lowest point of the bed of the river where the dam was built.

The facts above outlined are clearly established by the evidence. These facts, however, do not determine the height of the dam. On that question the evidence is conflicting, unsatisfactory, and inconclusive. The plaintiff's evidence tends to show that additions to the height of the dam have been made on a number of occasions; that when the dam was first built the water in the river backed up to the foot of a riffle or ford known as Humbarger's ford; that with the successive reconstructions of the dam the water at Humbarger's ford has raised until the ford has become impassable; and that at low water, when the flush board is used, the water backs up to the foot of a dam near Abilene known as the Brown dam. This evidence tends to show that the increase in the height of the water in the river at Humbarger's ford, after the last reconstruction of the dam, was as much as five feet.

The dam was built by C. Hoffman. J. B. Ehrsam was interested in its construction. He obtained power therefrom to operate a manufacturing plant. These men testified as witnesses. They knew better than other persons what was done when the dam was first built and when it was repaired or reconstructed. They testified that the top of the first dam was seven feet above the rock at the lowest place; that the second dam was built two feet higher than the first dam; and that the top of the third dam was built practically level with, or possibly a few inches higher, than the top of the second dam. In their testimony they made statements from which it might be concluded that the dam when it was first built and when it was repaired or reconstructed was higher than above indicated, but such conclusions can not be reached by a fair interpretation of their testimony. There is nothing anywhere to indicate that any witness knowingly testified falsely. All the witnesses, so far as the court can ascertain from the transcript of the testimony, testified to the facts as they remembered them.

It must be admitted that the dam obstructs the flow of the water in the river. The dam was put there for that purpose. It does not cause the overflow of any land at ordinary stages of the water, nor at ordinary stages of high water. The Smoky Hill river has overflowed its banks in the vicinity of this dam on several occasions. At these times it overflowed its banks at other places, and the Kansas river, below the Smoky Hill river, overflowed its banks. Then neither the banks of the Smoky Hill nor of the Kansas river held the waters that were coming down these streams. It is a known fact that all the streams of this state at times cover the bottoms from bluff to bluff. The absence of dams will not remedy this condition, although their presence will aggravate it. But the higher the waters get, the less effect do the dams have. This will be true until the influence of the dams will be practically nothing.

The legislature granted to Hoffman the right to maintain a nine-foot dam, knowing the character of the Smoky Hill river, that it ran through a comparatively level country, and that there was no great fall in the river anywhere in the state. The maintenance of the dam at a height of nine feet is within the terms of the franchise; but the maintenance of that part of the dam that is more than nine feet high is in violation thereof.

The plaintiff argues that the dam is at least eleven and one-half feet high, and asks that it be reduced to nine feet, to prevent the flooding of highways. The proper maintenance of highways is a matter of public concern, and if a citizen, by unlawful conduct, interferes with the use of a highway in any way the state may prosecute an appropriate action to stop that interference.

There is another question of public concern disclosed by the evidence that should be considered by the court. Around and dependent on this dam, is Enterprise, a city of eight or nine hundred people. With the power of the dam greatly reduced, as it would be if two and one-half feet were taken off the top of it, the industries dependent on the dam would be greatly crippled, if not practically destroyed. The state is just as much interested in the prosperity of the city of Enterprise as it is in preventing high water from running over public roads.

The burden of proof is on the plaintiff. It should satisfy the court by a clear preponderance of the evidence that the dam is more than nine feet high before the court will be warranted in making any order directing a reduction in the height of the dam. From the testimony submitted, the court is unable to say that the dam, for the one hundred and forty-seven feet, is more than nine feet high. The evidence does show that the dam, for the one hundred and forty-seven feet, is at least nine feet high. It then necessarily follows that the north and south ends of the dam, outside of the one hundred and forty-seven feet, are more than nine feet high.

2. The plaintiff argues that the Kansas Flour Mills Company can not operate this dam under the franchise to Hoffman, for the reason that such operation is a violation of that section of the state constitution (Const. art. 12, § 1) which prohibits the legislature from passing any special act conferring corporate powers. The acts did not confer any corporate powers. If the transfer of the dam from C. Hoffman to the Kansas Flour Mills Company was void, Hoffman still owns the dam. The fact that the dam was transferred to a corporation does not make a nine-foot dam illegal.

It is not necessary to determine whether or not the Smoky Hill river at Enterprise is a navigable stream, for the reason that the plaintiff is not asking that the dam be removed, but is asking that two and one-half feet be taken from the top of it. A nine-foot dam interferes with navigation as much as an eleven-and-one-half-foot dam does. By asking that the dam be reduced two and one-half feet, the plaintiff practically abandons the contention that the river is a navigable stream.

A writ of mandamus will issue to compel the defendants to reduce the height of the north and south ends of the dam to the level of the one hundred and forty-seven feet in the center thereof.

DAWSON, J., not sitting.